IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAREN PRICE,
   Plaintiff,

v.

DAVID WIDASKI, SR., *et al.*,
   Defendants.

Civil Action No.
1:25-cv-02852-SDG

## OPINION AND ORDER

This case is before the Court on various motions filed by *pro se* Plaintiff Karen Price. The Court orders as follows:

1. Price's motion to reopen this case [ECF 26] is **GRANTED**.

2. Price's emergency motion for reconsideration of the Court's August 22, 2025 Order and for entry of declaratory judgment [ECF 27] is **DENIED**.

3. Price's motion to correct docket irregularities and for clarification [ECF 28] is **DENIED**.

4. Price's application to appeal *in forma pauperis* [ECF 30] is **DENIED**.

5. Price's emergency motion to reopen case and expedite ruling [ECF 35] is **DENIED as moot**.

6. Price's fourth and fifth motions for a temporary restraining order (TRO) [ECFs 36, 57] are **DENIED**.

7. Price's emergency motion for declaratory judgment on writ of possession [ECF 41] is **DENIED**.

8. Price's emergency motion to appoint a receiver [ECF 42] is **DENIED**.

9. Price's motion to waive PACER fees [ECF 43] is **DENIED**.

10. Price's emergency motion to correct procedural violations and authorize service [ECF 48] is **DENIED**.

11. Price's emergency motion for administrative stay and to file *in camera* [ECF 50] is **DENIED**.

12. Price's motion to seal her emergency motion for administrative stay [ECF 51] is **DENIED**.

13. Price's motion for leave to file exhibits under seal [ECF 54] is **DENIED**.

14. Price's motion for contempt and referral to the Chief Judge [ECF 58] is **DENIED**.

15. Price's motion for recusal [ECF 59] is **DENIED**.

16. Price's emergency motion for civil contempt against Chief Judge May [ECF 60] is **DENIED**.

17. Price's emergency motion for U.S. Marshal service of criminal and regulatory referrals [ECF 61] is **DENIED**.

18. Price's motion for certificate of necessity [ECF 62] is **DENIED**.

19. Price's motion to compel Chief Judge May to exercise administrative authority [ECF 63] is **DENIED**.

## I. Motion to Reopen

The Court previously granted Price's motion to stay this case during the pendency of her medical incapacity.[1] However, while the stay was in place, Price filed an emergency motion seeking a limited reopening of the case solely to obtain injunctive and declaratory relief related to the potential sale of the real property at

---

[1] ECF 23.

issue in this litigation (the Buckhead Property).[2] By Order dated August 22, 2025, the Court denied the motion and advised Price that she would need to seek the full lifting of the stay in this case to obtain any other relief.[3]

Price has now filed a motion to reopen this case, representing that she has recovered sufficiently to pursue this litigation.[4] Accordingly, Price's motion to reopen is granted, and the stay in this case is hereby lifted. Price's emergency second motion to reopen this case is denied as moot.

## II.   Motion for Recusal and Motion for Contempt

Before turning to the substantive issues in this case, the Court will first consider Price's motion for recusal, brought pursuant to 28 U.S.C. § 455(a).[5] *See In re BellSouth Corp.*, 334 F.3d 941, 949 (11th Cir. 2003) (explaining that, after triggering 28 U.S.C. § 455(b), the judge was prohibited from making further substantive rulings); *United States v. Moody*, 977 F.2d 1420, 1423 (11th Cir. 1992) (a district court judge who has recused may "perform ministerial acts" that do not have "any implication concerning the merits of the case").

---

[2]   ECF 24.

[3]   ECF 25.

[4]   ECF 26.

[5]   ECF 59.

Under § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "[T]he standard of review for a § 455(a) motion 'is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (quoting *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)).

Price seeks the recusal of undersigned based on prior rulings against her, as well as the fact that undersigned has not ruled on her motions as quickly as she demands. While Price may disagree with undersigned's decisions, or the speed with which they can be made, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The proper method of seeking relief from those decisions is an appeal—which Price is seeking—not a motion for recusal. Therefore, undersigned concludes that an objective observer would not doubt his impartiality, and Price's motion for recusal is denied. For these same reasons, Price's motion to find undersigned in contempt[6] is denied as well.

---

[6]   ECF 58.

## III. Motion for Reconsideration

Price moves for reconsideration of the Court's August 22 Order, which denied her emergency motion for declaratory or injunctive relief related to the potential sale of the Buckhead Property.[7] Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E), NDGa. Such motions should be filed only when "a party believes it is absolutely necessary." *Id.* To demonstrate necessity, the movant must show that there is: "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003).

A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment. *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Parties may not use motions for reconsideration to show the Court how it "could have done better." *Bryan*, 246 F. Supp. 2d at 1259 (citing *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996)).

Price contends that reconsideration is appropriate because the Court committed a clear factual error in the August 22 Order, where it reasoned that a

---

[7] ECF 27.

TRO was not appropriate because no sale of the Buckhead Property had been scheduled.[8] Price also argues that she should have been granted a declaratory judgment, even if a TRO was not warranted.[9]

As to the first argument, Price has not shown that the Court erred in finding that no sale of the Buckhead Property had been scheduled. While Price presented evidence that the Buckhead Property was being marketed for sale,[10] that is not the same thing as the property being under contract for sale to a specific buyer—the latter situation *might* present a substantial likelihood of irreparable harm, but the former situation is simply too speculative to warrant the extraordinary remedy of a TRO. *See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (to obtain preliminary injunctive relief, "[t]he injury must be neither remote nor speculative, but actual and imminent") (internal quotation marks and citation omitted).

---

[8]   *Id.* at 2 (citing ECF 25, at 1–2).

[9]   *Id.* at 2–3. To the extent Price argues that the Court erred by considering her motion as a request for a TRO, *see id.* at 3, that argument is contradicted by the motion itself, which alternatively requests a TRO and frequently references "immediate irreparable harm," which is a required showing for a TRO or other preliminary injunctive relief, *see* ECF 24, at 1, 5, 6; *see also Martin v. Kemp*, 341 F. Supp. 3d 1326, 1332 (N.D. Ga. 2018) (describing the required showing for a TRO) (citations omitted). The motion was also the third to request such relief. *See* ECFs 4, 9, 24; *compare* ECF 28, at 3.

[10]   ECF 24-7.

As to the second argument, Price is not entitled to a declaratory judgment at this stage of the litigation, before Defendants have been served. Because Price is proceeding *in forma pauperis* (IFP), this case is currently under preliminary review pursuant to 28 U.S.C. § 1915.[11] That review has been hindered by the numerous amended complaints filed by Price, as well as her frequent resort to emergency motions.[12] In any case, because Defendants have not yet been served, the Court may not enter a judgment against them, declaratory or otherwise. *See Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."); *see also* 10B Wright & Miller's FEDERAL PRACTICE & PROCEDURE Civ. § 2768 (4th ed.) ("Any doubt or difficulty about the procedure in actions for a declaratory judgment disappears if the action is regarded as an ordinary civil action, as Rule 57 clearly intends. The incidents of pleading, ***process***, discovery, trial, and judgment are the same.") (emphasis added).

Price has not demonstrated that the Court committed a clear error in the August 22 Order, and therefore her motion for reconsideration is denied. Because

---

[11]  ECF 2.

[12]  *See, e.g.*, ECFs 3, 10, 11, 13, 14, 19, 20, 45, 47; *see also, e.g.*, ECFs 4, 21, 24, 27, 35, 41, 42, 48, 57.

Price is not presently entitled to a declaratory judgment, her motions for declaratory judgment are also denied.

## IV.     Motion to Correct Docket Irregularities

Price requests that the Court change certain entries on the docket, which she contends are inaccurate, as well as other miscellaneous relief related to the docket.[13] Having reviewed the docket, the Court concludes that none of the purported inaccuracies warrant correction. Accordingly, Price's motion to correct docket irregularities is denied. Price's emergency motion to correct these same purported procedural violations is therefore denied as moot.[14]

For the sake of clarity, the Court considers the fourth amended complaint docketed at ECF 14 as the current operative complaint.[15]

---

[13]  ECF 28.

[14]  ECF 48. Because this case is under preliminary review pursuant to 28 U.S.C. § 1915, and that review relates to questions presented by Price's pending appeal, Price's request that the Court direct the U.S. Marshals to effect service is denied without prejudice. *See id.*; *see also* Note 15, *infra*.

[15]  Price's motions for leave to file fifth and sixth amended complaints remain pending. ECFs 19, 20, 45, 47. However, the Court concludes that the filing of Price's notice of appeal divested this Court of jurisdiction to consider those motions. *See Weaver v. Fla. Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999) (citing *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). In any case, the Court notes that it is highly likely that Price's proposed amended complaints are subject to dismissal as shotgun pleadings. *Cf. Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (dismissing a complaint on shotgun pleading grounds that would have required the defendant to "dig[ ] through 50 pages and 249 numbered paragraphs of scattershot factual allegations").

## V. Application to Appeal IFP

Price also filed a notice of appeal of the Court's August 22 Order, along with an application to appeal IFP.[16] Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Under both the statute and the rule, a party must show an inability to pay and the basis of the appeal. The appeal must also be brought in good faith—an objective standard that is met when a party seeks review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (citations omitted). A claim that is arguable, "but ultimately will be unsuccessful, . . . should survive frivolity review." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991).

Price has previously shown her inability to pay the costs of appeal.[17] However, Price has not shown that her appeal is brought in good faith. The application states that the August 22 Order mischaracterized the relief sought in her emergency motion and refers to the same purported docketing irregularities.[18]

---

[16]   ECFs 29, 30.

[17]   ECF 2.

[18]   *See generally* ECF 30.

9

The Court therefore construes the application as incorporating by reference Price's arguments in support of her motion for reconsideration and motion to correct docket irregularities. For the same reasons stated in the preceding sections, those arguments lack arguable merit. Accordingly, the Court concludes that Price's appeal is not taken in good faith and does not survive frivolity review. Fed. R. App. P. 24(a)(3)(A).

## VI. Fourth Motion for TRO

Price seeks a TRO related to a health crisis involving non-party Lonnie Eric Mahan.[19] According to the motion, Mahan is currently homeless and without food or medication.[20] The motion alleges that Mahan is schizophrenic, and that he was recently arrested for criminal trespass—an arrest that appears to arise out of a trespass notice issued by the Sonesta Gwinnett Place Hotel, where Price and Mahan appear to have been residing.[21] The current motion is tangentially related to Price's underlying dispute regarding title to the Buckhead Property, in the sense that, because Price was evicted from the Buckhead Property, she and Mahan were forced to take residence in the Sonesta hotel, from which she and/or Mahan may

---

[19]   ECF 36.
[20]   *Id.* at 1.
[21]   *Id.* at 1–3, 22–29.

be currently barred from entering.[22] Based on this, Price seeks an order to prevent Sonesta from barring Price and Mahan's access to the premises; to require Sonesta to provide Price and Mahan with access to food, water, and power; to order the U.S. Marshals or other officers to perform a welfare check on Mahan; to order the U.S. Marshals or other officers to obtain access to Mahan's medication, which appears to be locked in a car being held by certain Defendants; and to grant Price possession of the Buckhead Property.[23]

The current motion suffers from many of the same defects as previous ones.[24] Neither Sonesta nor Mahan are parties to this case. Price, who is not an attorney admitted to practice in this Court, cannot represent Mahan. *Laguille-Brugman v. United States*, No. 23-12064, 2023 WL 8643684, at *2 (11th Cir. Dec. 14, 2023) (per curiam) ("In federal court, a party may proceed either *pro se* or with representation by counsel. Although a party may represent herself *pro se*, a non-attorney may not represent other parties in federal court.") (citations omitted).

Separately, while Price appears to be in email contact with Sonesta,[25] she does not explain what efforts were made to give Sonesta notice of this motion. *See*

---

22  *See id.*

23  *Id.* at 3–5.

24  *See* ECFs 15, 16, 25.

25  ECF 36, at 22–23.

Fed. R. Civ. P. 65(b)(1) ("The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."). The purported claims against Sonesta do not appear to be properly joined to this case, as there does not appear to be a "question of law or fact common to all defendants," Fed. R. Civ. P. 20(a)(2), because the question of whether the Americans with Disabilities Act (ADA) prevents Sonesta from barring Mahan from the hotel has no bearing on Price's title to the Buckhead Property from which she was evicted.

Finally, Price has not demonstrated to the Court, with citation to applicable authority, a substantial likelihood that Sonesta has violated the ADA, or that the ADA permits the relief that she seeks. *See United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) ("The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites," which includes a showing of "a substantial likelihood that [s]he will ultimately prevail on the merits.") (internal quotation marks and citation omitted); *see also Martin v. Kemp*, 341 F. Supp. 3d 1326, 1332 (N.D. Ga. 2018) (citing *Windsor v. United States*, 379 F. App'x 912, 916–17 (11th Cir. 2010)) (noting that the standard for obtaining a TRO is identical to that of obtaining a preliminary injunction). The fourth TRO motion is denied.

## VII. Fifth Motion for TRO

Price also seeks a TRO related to a "payoff request [that] was initiated on [her] mortgage."[26] Price attached to her motion a "Demand Loan Payoff" apparently issued by FCI Lender Services, Inc., which provides that approximately $176,000 is required for Price to fully pay off her loan, which appears to be secured by the Buckhead Property.[27] The demand expires on December 3, 2025, after which point daily interest begins to accrue.[28] The demand also notes that the loan's maturity date is December 1, 2048.[29] Based on this, Price seeks a TRO enjoining any payoff, sale, foreclosure, or transfer.[30]

For the reasons stated in the Court's previous orders, Price is not entitled to a TRO. There is no indication in the demand that the Buckhead Property is subject to foreclosure or sale on December 3, but rather it shows that daily interest will begin to accrue on Price's loan after that point. As such, Price has not shown a substantial likelihood of irreparable harm. The fifth TRO motion is denied.

---

[26] ECF 57.

[27] ECF 57-2.

[28] *Id.*

[29] *Id.*

[30] ECF 57.

## VIII. Motion to Appoint a Receiver

Price seeks the appointment of a receiver, presumably to protect her asserted interest in the Buckhead Property.[31] "A receivership is 'an extraordinary equitable remedy that is only justified in extreme situations.'" *Otero v. Vito*, No. CIV.A.5:07-CV-405 (CAR), 2008 WL 4004979, at *2 (M.D. Ga. Aug. 25, 2008) (quoting *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993)). Courts have typically considered several factors in determining whether appointment of a receiver is appropriate:

> a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

*Id.* at *3 (quoting *Aviation Supply Corp.*, 999 F.2d at 316–17).

Having considered the equities in this case, the Court concludes that the drastic remedy of appointing a receiver is not appropriate at this juncture. As with the TROs Price has previously sought related to the Buckhead Property, the Court concludes that she has not shown at this preliminary stage a substantial likelihood

---

[31] ECF 42. While Price's motion refers to 28 U.S.C. § 754, that statute does not "broaden [or establish] the equitable grounds for the appointment of a receiver," but rather "goes to the jurisdiction and control of the property once the receiver has been rightfully appointed." *Inland Empire Ins. Co. v. Freed*, 239 F.2d 289, 292 (10th Cir. 1956).

of success on the merits or irreparable harm that would justify the *ex parte* appointment of a receiver. *See Bookout v. First Nat. Mortg. & Disc. Co.*, 514 F.2d 757, 758 (5th Cir. 1975) (affirming the appointment of a receiver after "[c]onsidering the probability of success on the merits, the appearance of fraudulent conduct, the imminent danger of further injury to the collateral, and the balance of the equities"). Accordingly, Price's motion for a receiver is denied.

## IX. Motion to Waive PACER Fees

Price's motion to waive PACER fees is denied.[32] The IFP statute, 28 U.S.C. § 1915, does not permit the Court to exempt Price from all fees and costs related to this litigation, but rather "exempts litigants from filing fees only." *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009); *see also Ellison v. Consol. City of Augusta*, No. CV 116-175, 2018 WL 11319669, at *1 (S.D. Ga. Mar. 5, 2018) (citing *Harless v. United States*, 329 F.2d 397, 398–99 (5th Cir. 1964); *Porter*, 564 F.3d at 180 n.3; *Hullom v. Kent*, 262 F.2d 862, 863 (6th Cir. 1959)) ("[T]he statutory right to proceed *in forma pauperis* does not include the right to obtain copies of court orders, indictments, and transcript of record, without payment therefor, for use in proposed or prospective litigation."). Therefore, the Court is without power to waive Price's PACER fees under § 1915.

---

[32] ECF 43.

The Court notes that Judicial Conference policy grants district courts discretion to waive PACER fees under certain conditions. *Hatcher v. G-P Wood & Fiber Supply, LLC*, No. 3:07-CV-080-JTC, 2008 WL 11343393, at *1 (N.D. Ga. Feb. 6, 2008). To be eligible for an exemption, "the requesting party must show that an exemption is necessary in order to: (1) avoid unreasonable burden; and (2) promote public access to information." *Id.* at *1 (citing 28 U.S.C. § 1914 (Electronic Public Access Fee Schedule)). "Exemptions from user fees should be granted as an exception and not the rule." *Tolston v. City of Atlanta*, 723 F. Supp. 3d 1263, 1324–25 (N.D. Ga. 2024) (citing 28 U.S.C. § 1914 (Judicial Conference Policy Notes)).

After reviewing decisions of other courts in this circuit, undersigned concludes that a fee waiver is not appropriate here. "The [PACER] usage fee is automatically waived for accessing: (1) judicial opinions; (2) any information or documents viewed at courthouse public access terminals; and (3) one copy [ ] of most electronically filed documents in a case in which the user is a party," and "[f]ees are also automatically waived for users who accrue fees totaling $30.00 or less in a quarterly billing cycle." *Spilker v. E. Fla. State Coll.*, No. 619CV2206ORL41DCI, 2020 WL 13659745, at *1 (M.D. Fla. Jan. 30, 2020) (citing 28 U.S.C. § 1914 (Electronic Public Access Fee Schedule), ¶¶ 8, 9). In *Spilker*, the court concluded that an IFP plaintiff had not shown that the freely accessible documents

on PACER were insufficient to "conduct research and monitor the developments in his litigation." *Id.* at *2. In *Hatcher*, then-Judge Camp concluded that it was not an unreasonable burden for a *pro se* litigant to access the PACER system for free at the courthouse. 2008 WL 11343393, at *2. In *Tolston*, a recent decision from this district that is fairly analogous to this case, Judge Geraghty declined to waive PACER fees after concluding that "[t]he substantial size of the docket is largely attributable to Plaintiff's numerous and often frivolous filings." 723 F. Supp. 3d at 1325. Undersigned concludes that this case does not present any circumstances different than those presented in *Tolston*, *Hatcher*, or *Spilker*. *Tolston*, 723 F. Supp. 3d at 1324 (citing *Hatcher*, 2008 WL 11343393, at *1). Price has not shown "exceptional circumstances" and, accordingly, her motion to waive PACER fees is denied.

## X.   Emergency Motion for Administrative Stay and to File *In Camera*, and Associated Motions

Price seeks a brief administrative stay of this case, purportedly to give the Court time to issue certain protective orders.[33] Price further seeks to file her documents in this case directly with the chambers staff of Chief U.S. District Judge May, thus bypassing the Clerk's office.[34] Price also requests to seal this motion as

---

[33] ECF 50.

[34] *Id.*

well as certain supplemental documents she filed in support of the motion.[35] Lastly, Price has filed several motions that appear designed to compel Chief Judge May to take action on Price's motions or to hold Chief Judge May in contempt because she has not taken action on Price's motions.[36] Undersigned has reviewed Price's filings and concludes that they are patently frivolous. The emergency motion for administrative stay and associated motions are denied.

## XI. Conclusion

Price's motion to reopen this case [ECF 26] is **GRANTED**. The stay of this case imposed by the Court's July 21, 2025 Order [ECF 23] is hereby **LIFTED**. The Clerk is **DIRECTED** to re-open this case. Price's emergency motion to reopen case and expedite ruling [ECF 35] is therefore **DENIED as moot**.

Price's motion for recusal [ECF 59] is **DENIED**. Price's motion for contempt and referral to the Chief Judge [ECF 58] is **DENIED**.

---

[35] ECFs 51, 54.

[36] ECFs 60, 61, 62, 63.

Price's emergency motion for reconsideration of the August 22 Order and for entry of declaratory judgment [ECF 27] is **DENIED**. Price's motion to correct docket irregularities and for clarification [ECF 28] is **DENIED**. Price's emergency motion to correct procedural violations and authorize service [ECF 48] is **DENIED**. Price's fourth and fifth motions for a TRO [ECFs 36, 57] are **DENIED**. Price's emergency motion for declaratory judgment on writ of possession [ECF 41] is **DENIED**. Price's emergency motion to appoint a receiver [ECF 42] is **DENIED**. Price's motion to waive PACER fees [ECF 43] is **DENIED**.

Price's emergency motion for administrative stay and to file *in camera* [ECF 50] is **DENIED.** Price's motion to seal her emergency motion for administrative stay [ECF 51] is **DENIED**. Price's motion for leave to file exhibits under seal [ECF 54] is **DENIED**. Price's emergency motion for civil contempt against Chief Judge May [ECF 60] is **DENIED**. Price's emergency motion for U.S. Marshal service of criminal and regulatory referrals [ECF 61] is **DENIED**. Price's motion for certificate of necessity [ECF 62] is **DENIED**. Price's motion to compel Chief Judge May to exercise administrative authority [ECF 63] is **DENIED**.

Price's application to appeal *in forma pauperis* [ECF 30] is **DENIED. Further requests to proceed *in forma pauperis* should be directed by motion to the Court of Appeals for the Eleventh Circuit within 30 days pursuant to Fed. R. App. P. 24.**

**SO ORDERED** this 18th day of November, 2025.

                                                  Steven D. Grimberg
                                      United States District Judge