**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| KAREN PRICE,<br>Plaintiff,<br>v.<br>DAVID WIDASKI, SR., *et al.*,<br>Defendants. | Civil Action No.<br>1:25-cv-02852-SDG |

**OPINION AND ORDER**

This case is before the Court on its own motion to address whether *pro se* Plaintiff Karen Price's sixth amended complaint [ECFs 20-1, 20-2, 20-3] is an impermissible shotgun pleading. After careful review, the Court finds that it is, and therefore the complaint is **DISMISSED without prejudice**. Price's July 2, 2025 motion for leave to file a sixth amended complaint [ECF 20] is **GRANTED** for purposes of dismissal only. Price's October 20, 2025 motions for leave to file a sixth amended complaint [ECFs 45, 47] are **DENIED**. Price's motion to stay pending appeal [ECF 68], and any other pending motions, are **DENIED as moot**.

## I. DISCUSSION

The Court has an independent obligation to consider whether the complaint is a "shotgun pleading." *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) (noting that "the district court, acting on its own initiative, should have stricken [the] complaints and instructed counsel to replead their cases."). For myriad

reasons—including the fact that Price was initially proceeding *in forma pauperis*;[1] Price sought several temporary restraining orders that required multiple Orders from this Court;[2] and Price filed notices of appeal in September and December 2025, which were dismissed in December 2025 and January 2026[3]—this case remains at the initial pleading stage, and no Defendant has been served. Thus, the Court considers on its own motion whether Price's most recently filed complaint, styled as her sixth amended complaint, is an impermissible shotgun pleading subject to dismissal.

Price filed her complaint(s) *pro se*. Accordingly, the Court must construe the complaint leniently and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and punctuation omitted); *see also Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, "once a *pro se* [*in forma pauperis*] litigant is in court, he is subject to the relevant law and rules of court, including the Federal

---

1 ECF 2. Price paid the filing fee in December 2025.

2 ECFs 15, 16, 25, 66.

3 ECFs 29, 69, 74, 75.

Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

A "shotgun pleading" is one that does "not provide a short and plain statement of a claim as required by Rule 8." *Brown v. Air Line Pilots Ass'n*, 813 F. App'x 353, 355 (11th Cir. 2020) (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018)). A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (citations omitted). "It employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson*, 898 F.3d at 1356.

Shotgun pleadings "patently violate" the federal pleading standards. *Id.*; *see also Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020) ("Such a pleading is never plain because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so."). Accordingly, when a district court receives a shotgun pleading,

the court "should strike it and instruct counsel to replead the case," rather than "parse out such incomprehensible allegations." *Est. of Bass*, 947 F.3d at 1358 (citation omitted).

The Eleventh Circuit has identified four categories of shotgun pleadings. *Weiland*, 792 F.3d at 1321–23. While these categories are not legally distinct from one another, they are instructive in determining whether a complaint is a shotgun pleading. These categories are: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1321–23.

It appears that this case began as a real property dispute in Georgia state courts, based on a foreclosure sale that Price contends violated Georgia law. Since then, this case has exploded in scope to include the parties to the initial state court case, their attorneys, much of the Fulton County bench and their staff, and many

others, including the current Attorney General of Georgia and some of his deputies. It has also involved, at various points: a self-storage unit in Gwinnett County; an Americans with Disabilities Act claim against a hotel in Duluth, Georgia; a purported criminal referral for undersigned; and a $20 billion settlement demand transmitted to Chief Judge May of this Court. The sixth amended complaint includes approximately 56 Defendants and 93 counts over more than 250 pages. As undersigned previously observed, this is essentially a shotgun complaint by definition. *See Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (dismissing a complaint on shotgun pleading grounds that would have required the defendant to "dig[ ] through 50 pages and 249 numbered paragraphs of scattershot factual allegations"). Furthermore, while the complaint does separate each claim into a separate count, it nevertheless commits every other violation highlighted in *Weiland*. Thus, undersigned concludes that the sixth amended complaint is an impermissible shotgun pleading subject to dismissal.

Price also filed two motions for leave to file a sixth amended complaint, both of which were filed after the sixth amended complaint itself.[4] The motions refer to a "Version 7," which Price asserts will include even more Defendants and claims. Thus, it is clear that Price's proposed seventh amended complaint would not cure

---

4 ECFs 45, 47.

the pleading deficiencies identified in this Order, and so her motions for leave to amend are denied as futile. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir. 1985)) ("[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'").

Lastly, because Price's appeals have been dismissed, her motion to stay pending appeal is denied as moot.[5] Because this case is dismissed, any other pending motion in this case is also denied as moot.

## II. CONCLUSION

Price's July 2, 2025 motion for leave to file a sixth amended complaint [ECF 20] is **GRANTED** for purposes of dismissal only. Price's sixth amended complaint [ECFs 20-1, 20-2, 20-3] is **DISMISSED without prejudice**. Price's October 20, 2025 motions for leave to file a sixth amended complaint [ECFs 45, 47] are **DENIED**.

---

5 ECF 68.

Price's motion to stay pending appeal [ECF 68], and any other pending motions, are **DENIED as moot**.

The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge